```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON**

| | |
|---|---|
| GWEN S. JONES, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:04-543-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| KROGER, INC., | ) |
| | ) |
|     Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Defendant, as the prevailing party in this matter, filed a bill of costs and requested that the Clerk tax as costs the total amount of $1,179.80 under Fed. R. Civ. P. 54(d)(1) [Record No. 31]. The Clerk then taxed the costs [Record No. 33]. Plaintiff has filed objections to Defendant's bill of costs [Record No. 34]. Being sufficiently advised, the Court shall now take up this matter.

Rule 54(d)(1) states, "Except [when expressly provided by statute], costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). As a general matter, taxation of costs is governed by 28 U.S.C. § 1920. Section 1920 provides in pertinent part: "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in this case . . . ." 28 U.S.C. § 1920. Although Rule 54(d) creates a presumption in favor of awarding costs, this Court retains limited discretion to deny costs to the prevailing party. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In *White & White*, the Sixth Circuit described several scenarios in which a district court's denial of costs would be proper:

> cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large," cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, cases that are "close and difficult."

*Id.* (citations omitted).[1] In determining whether to award costs, the Sixth Circuit has "identified several factors that district courts should ignore . . . including (1) 'the size of a successful litigant's recovery' and (2) 'the ability of the prevailing party to pay his or her costs.'" *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (quoting *White & White*, 786 F.2d at 730).

The costs that may be assessed against the losing party under § 1920 include those that Defendant has asked the Court to tax,

---

[1] The Court notes that, in her objections to Defendant's bill of costs, Plaintiff does not argue that any of these circumstances described in *White & White* are present in the her case.

specifically, fees of the court reporter and fees for exemplification and copies of papers necessarily obtained for use in the case. To prevail in its objection to these costs, Plaintiff must demonstrate circumstances sufficient to overcome the presumption in favor of taxing these costs. *See White & White*, 786 F.2d at 732. In her objection to Defendant's bill of costs, Plaintiff argues that the Court should deny litigation costs to Defendant because (1) Plaintiff is an individual and Defendant is a large corporation, (2) the imposition of costs would work a more severe hardship on Plaintiff than Defendant, and (3) Plaintiff brought her complaint in good faith.

The Court concludes that Plaintiff's objections do not rebut the presumption in favor of taxing Defendant's costs. In determining whether to tax costs, the Court ignores Defendant's ability to pay. *McDonald*, 409 F.3d at 732. Plaintiff's contention that she would suffer a more severe economic hardship than Defendant, a large corporation, is not wholly convincing. Although the court in *Singleton v. Smith*, 241 F.3d 534 (6th Cir. 2001) found that "another factor weighing in favor of denying costs is the indigency of the losing party," in her response, Plaintiff states that she is currently employed and earns a little more than minimum wage. *Id.* at 539. If, however, Plaintiff is unable to pay the costs within 150 days of the date of this order, she may file a request with the Court to begin a payment plan. If Plaintiff finds

3

it necessary to file such a request, she should provide the Court with a detailed financial statement listing her current salary, other sources of income, debts, monthly living expenses, and an estimate of how much she could afford to pay on a monthly basis. Upon review of her request, the Court will decide whether a payment plan is necessary and determine a monthly payment amount. Finally, Plaintiff's assertion that she brought her complaint in good faith, without more, is insufficient to warrant denial of Defendant's costs. *See White & White*, 786 F.2d at 730.

Accordingly,

**IT IS ORDERED** that the Clerk's action in taxing as costs the amount of **$1,179.80** in favor of Defendant [Record No. 33] be, and the same hereby is, **AFFIRMED**.

This the 26th day of January, 2006.



Signed By:

*Joseph M. Hood*

**United States District Judge**